UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Atari Interactive, Inc.

                                Plaintiff,

v.                                         Case No.: 1:23−cv−15724

                                                      Honorable LaShonda A. Hunt

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint

                                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, December 1, 2023:

      MINUTE entry before the Honorable LaShonda A. Hunt: The Court has reviewed Plaintiff's Memorandum on Joinder [20] and appreciates the arguments presented. However, the Court remains unpersuaded that Plaintiff has shown the 186 defendants here are sufficiently connected to satisfy the requirements of Fed. R. Civ. P. 20(a)(2). Both *Estee Lauder v. Schedule A,* 334 F.R.D. 182 (N.D. Ill. 2020) and *Bose Corp. v. Schedule A,* 334 F.R.D. 511 (N.D. Ill. 2020) are instructive on this issue. Courts have "'considerable discretion' and 'flexibility' in determining whether the plaintiff has plausibly alleged such a relationship." *Bose Corp.,* 334 F.R.D. at 513. An important consideration in Schedule A cases with numerous online marketplaces and sellers whose only connection is that they are all accused of selling counterfeit products that infringe upon Plaintiff's trademarks is "whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Estee Lauder,* 334 F.R.D. at 186 *citing Chavez v. Ill. State Police,* 251 F.3d 612, 632 (7th Cir. 2001). In making this assessment, the Court must balance various factors: (1) the continuing harm to plaintiffs who seek immediate relief from courts to protect their intellectual property rights and prevent further economic loss; (2) the due process rights of defendants against whom *ex parte* relief, including the extraordinary remedy of freezing all their assets without notice and potentially ruining a legitimate business, is sought; and (3) the interest in promoting judicial economy as courts must quickly and efficiently evaluate hundreds of pages of evidentiary submissions to ensure that injunctive relief is warranted. In this case alone, Plaintiff has attached about 2500 pages of evidence covering nearly 200 unrelated defendants. Under these circumstances, the Court declines to exercise its discretion to allow permissive joinder of all 186 defendants. However, after taking the aforementioned factors into consideration, the Court has generally allowed plaintiffs in Schedule A counterfeit products cases to proceed with no more than 40 defendants, which is far more manageable for a single case. That is less burdensome to plaintiffs, defendants, and the judicial system. Accordingly, consistent with this ruling, Plaintiff is granted leave to file an Amended Schedule A and an amended declaration in support of the pending TRO motion [9] that specifically identifies the relevant pages

where evidence pertaining to each Amended Schedule A defendant can be found in the prior voluminous submissions, by 12/11/23. This case is set for an in−person hearing on 12/14/23 at 10:00 AM in Courtroom 1425. If Plaintiff chooses to amend its filings, the hearing date will be stricken. Otherwise, Plaintiff may submit a written response to this order, not to exceed 5 pages, by 12/11/23, and appear at the hearing to present further argument. Emailed notice. (cdh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.